## J. A. BARBER v. BEN MOORE.

**Trials—Failure to State Cause of Action—Demurrer May Be Filed at Any Time—Non-suit—Arrest of Judgment—Insufficient Petition Grounds for Reversal.**

    If a plaintiff fails to state a cause of action, it is not too late, in the progress of the trial, at any time to demur, or to move for non-suit, or in arrest of judgment, and where a plaintiff has recovered judgment below and has failed to state facts sufficient to constitute a cause of action the Court of Appeals will reverse the judgment.

**Exchange of Property—Deceit—Action to Recover On—Title Must Be in Plaintiff.**

    Appellant in his amended petition admitted that he was not the owner of the horse he traded but had general permission to trade him. These are only conclusions of the pleader and not a statement of such facts as would divest the owner of the title to the horse.

APPEAL FROM CALLOWAY CIRCUIT COURT.

November 14, 1871.

OPINION BY JUDGE PETERS:

If a plaintiff fails to state a cause of action, it is not too late in the progress of the trial at any time to demur, or to move for non-suit, or in arrest of judgment, and where a plaintiff has recovered judgment below and has failed to state facts sufficient to constitute a cause of action, this court will reverse the judgment unless the defect is cured by the answer.

In this case appellant seeks to recover damages for deceit on the part of appellee in a horse trade. The latter in his answer says appellant is not damaged because the horse he swapped

did not belong to him, but was the property of A. A. Barber. In his amended petition, appellant admits the horse he traded belongs to his brother, A. A. Barber, and says when he traded him he simply became indebted to his brother for the price of the horse—having general permission to trade the horse—these are only conclusions of the pleader, and not a statement of such facts as would divest A. A. Barber of the title to the horse—and for all that appears he might bring his action and recover the horse from appellee—facts should have been stated to show that A. A. Barber was divested of his title to the horse.

Wherefore the judgment is affirmed.

*W. J. Stubblefield, for appellant.*

*Anderson, for appellee.*